UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICAN FOR USE AND BENEFIT OF RELMCO, INC. | ) ) ) | |
| PLAINTIFF, | ) ) | |
| V. | ) ) | |
| INTERMOUNTAIN SLURRY SEAL, INC.; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; THE CONTINENTAL INSURANCE COMPANY; FEDERAL INSURANCE COMPANY | ) ) ) ) ) ) ) ) | CASE NO. 5:23-cv-833 |
| DEFENDANTS. | ) ) | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Relmco, Inc. ["Relmco"], Plaintiff, and complains of Defendants, Intermountain Slurry Seal, Inc. ["ISS"], Travelers Casualty and Surety Company of America ["Travelers"], The Continental Insurance Company ["CIC"], and Federal Insurance Company ["FIC"], [collectively, the "Defendants"], and for cause respectfully shows the court the following:

### I. PARTIES AND SERVICE

1. Plaintiff RELMCO is a corporation organized under the laws of the State of Texas, having its principal place of business at 1536 FM 2676. Hondo Texas 78861.

2. Defendant, ISS is a Wyoming (foreign) corporation that is authorized to do business in the State of Texas, and may be served with process by service upon its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas Texas 75201.

3. Defendant, Travelers, is a surety company authorized to do business in the State of Texas, and may be served with process by service upon its registered agent, Corporation Services Company, 211 East, 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant CIC, is a surety company authorized to do business in the State of Texas, and may be served with process by service upon its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant, FIC, is a surety company authorized to do business in the State of Texas, and may be served with process by service upon its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that the matter involves an action on a payment bond executed under 40 U.S.C. § 3131 et. seq. (the "Miller Act"), and the Court has jurisdiction over any other matters herein pursuant to 28 U.S.C § 1367 because the other claims are so related to the Miller Act claims that they form part of the same case or controversy.

7. Venue in the Western District of Texas, San Antonio division is both proper and mandatory pursuant to 40 USC 3131(b)(3)(B). The San Antonio division of the Western District of Texas covered the county of Brewster. Alternatively, venue is also proper under 28 USC 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Brewster County, Texas, because this lawsuit involves a written contract whereby the work and services rendered were performed in Brewster County, Texas.

## III. FACTUAL BACKGROUND

8. ISS was awarded Prime Contract No. 69056718D000005/ 69056722F000010, involving improvement for the US DOT FHWA Western Federal Lands Pavement Preservation at Big Bend National Park Project ["Prime Contract"]. ISS was required under Federal Law and under

the Prime Contract to provide a payment bond for the benefit of subcontractors working on the Project. To satisfy that requirement, ISS executed payment bond no. 103-SB-107516506, 107516506 (Travelers), K40319864 (FIC), 30144252 (CIC) [the "Bond"]. Exhibit A.

9. On or about June 3, 2022, Plaintiff Relmco, entered a subcontract with Defendant ISS, whereby Plaintiff would provide certain specified subcontract work, as set forth in the Subcontract attached as Exhibit B, including, but not limited to services, labor, materials and equipment, necessary to provide roadway excavation, embankment, backfill, concrete and asphalt installation, generally, at the Project, in exchange for payment [the "Subcontract"]. Exhibit B.

10. Relmco performed the work in accordance with the Subcontract. However, during the Project ISS made changes to the Subcontract scope of work, whether independently or at the direction of the United States as the project owner for which ISS has failed to properly compensate Relmco under the terms of the Subcontract. Further, Relmco experienced several excusable delays to its Subcontract performance caused by factors under the control of ISS and/or the United States as owner for which Relmco is entitled to additional compensation under the Subcontract. as well as delayed the Subcontract performance of the work. Finally, ISS failed and refused to make payment in full to Relmco.

11. In Jul 2022 and September 2022, Relmco submitted pay applications 1 & 2 totaling $130,450.02 and $338,200.03. Relmco has billed 100% of the subcontract, yet, to date, ISS has failed and refused to make payment in full, leaving a balance of $338,200.03 to be paid[1]. Exhibit C.

12. On May 4, 2023, Relmco submitted, although not required, a notice to the Defendants Traveleres, CIC and FIC, along with the principal ISS demanding payment and providing notice of its

---

[1] Including the failure to pay for the performance bond provided by Relmco.

bond claim totaling $338,000.00. Exhibit D. To date, the Defendants have failed and refused to make payment.

13. On June 16, 2023, Relmco submitted its notice of claim and delay ISS to be submitted to the United States for consideration. ISS failed and refused to submit the claim. Exhibit E. At that time, Relmco provided and estimate claims as follows:

| CLAIM NO. | Days | Monetary Damages |
|---|---|---|
| Claim 1 – "Delay caused by differing site conditions – slope" | 8 days | $31,264.95 |
| Claim 2 – "Delay and Extra work claim for wire fence and geogrid" | 24 days | $6,937.50 |
| TOTAL | 32 days | $37,202.45 |

13. Upon information and belief, ISS has been paid by the United States for Relmco's work. To date, ISS has failed and refused to (1) pay the claim asserted, (2) acknowledge the claim, although admitted that the claim and delay existed and beyond the control of Relmco, and (3) failed to provide the same claim to the United States for review.

14. All conditions precedent to suit have occurred or otherwise been performed.

### IV. CAUSES OF ACTION

**a. The Miller Act, 40 U.S.C. § 3131**

15. Plaintiff incorporates by reference and realleges the factual allegations of Paragraphs 1 - 14 above.

16. Plaintiff has fully performed its obligations in furnishing materials and labor for the Project and as stated above for which have yet to be paid. Plaintiff further has incurred delay damages and increased costs of performance for which it is entitled to recover from both Defendant ISS and Defendants Traveler, CIC and FIC under the Miller Act.

**b. Breach of Contract**

17. Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-12 and further states that the Defendant ISS is liable to Plaintiff HJD in breaching the Subcontract agreement.

18. Defendant has breached the subcontract by failing to make payment for work performed under the Subcontract, delaying performance and by requiring additional work outside the scope of the contract without properly compensating Plaintiff Relmco. Further ISS has breached its contract with Relmco by failing and refusing to pass through claims to the United States seeking an equitable adjustment to delay and extras that were beyond the control of Relmco.

19. As a direct and proximate result of these breaches, Plaintiff Relmco, has suffered actual damages in an amount in excess of the minimum jurisdictional limits of the Court.

20. All conditions precedent has been performed or has occurred.

**c. Quantum Meruit**

21. In the alternative, and without waiving the above pleaded causes of action, Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-14 and further contends that Defendants ISS, Travelers, CIC, and FIC are all liable to Plaintiff Relmco under the theory of quantum meruit.

22. Plaintiff Relmco provided services and materials to Defendant ISS. More specifically, Plaintiff performed subcontract work including, but limited to, the following work set forth in the preceding paragraphs 1-12.

23. Defendant ISS receive the benefit of Plaintiff Relmco's work. But for Plaintiff Relmco's work performed, Defendant would be in breach of its Prime Contract.

24. Defendant ISS has not adequately compensated Plaintiff Relmco for work performed. Plaintiff is entitled to recover the reasonable value for its performed work and describe above.

## V. COURT COSTS AND ATTORNEY'S FEES

25. Pursuant to §38.001 of the Texas Civil Practice and Remedies Code, Plaintiff has satisfied all conditions precedent to recovery of its reasonable and necessary attorneys' fees incurred in its action based on Breach of Contract and pleads for recovery thereof from Defendant ISS.

26. Finally, Plaintiff seeks an award of its reasonable and necessary attorneys' fees as to Defendant ISS.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Relmco, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages including:

a. Actual Damages in the amount in excess of $338,200.03[2];

c. Pre-judgment and Post-judgment interest as provided by law;

d. Reasonable and Necessary Attorneys' fees and Court of filing this lawsuit; and

e. Such other and further relief to which Plaintiff may show itself justly entitled.

**Dated: July 2, 2023**

**Respectfully Submitted,**

**COKINOS | YOUNG**
**The City View Tower**
**10999 West IH-10, Suite 800**
**San Antonio, Texas 78230**

**/s/ Christopher G. Burwell**
**SBN 24063581**
cburwell@cokinoslaw.com
**Attorney for Plaintiff**
**Relmco, Inc.**

---

[2] Exclusive of continued damages in the form of delay, extended general conditions, extra scope work, overhead and profit, interest as well as any and all other delay damages allowable under the contract and under law.